**Electronically Filed
Intermediate Court of Appeals
29542
20-MAR-2012
08:49 AM**

NOS. 29542, 29543 and 29559

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


NO. 29542

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
VICTOR S. NAKATSU, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO. 08-1-273)


NO. 29543

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
VICTOR NAKATSU, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO. 08-1-209)


NO. 29559

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
VICTOR S. NAKATSU, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO. 08-1-272)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Fujise and Leonard, JJ.)

In these consolidated appeals, Defendant-Appellant
Victor S. Nakatsu (Nakatsu) was convicted and sentenced, as a
repeat offender, of numerous counts of driving without a license,

in violation of Hawaii Revised Statutes (HRS) §§ 286-102, -136 (2007), and driving without a motor vehicle insurance policy, in violation of HRS §§ 431:10C-104, -117 (2005 & Supp. 2011).

(1) In Appeal No. 29542 (Criminal No. 08-1-273), Nakatsu was convicted of driving without a license (Count 1) and driving without a motor vehicle insurance policy (Count 2). The Circuit Court of the Third Circuit (Circuit Court) sentenced Nakatsu to one year of imprisonment on Count 1 and thirty days of imprisonment on Count 2, to be served concurrently. The Judgment of Conviction and Sentence (Judgment) in Criminal No. 08-1-273 was filed on November 26, 2008, nunc pro tunc to November 21, 2008.

(2) In Appeal No. 29543 (Criminal No. 08-1-209), Nakatsu was convicted of one count of driving without a motor vehicle insurance policy. The Circuit Court sentenced Nakatsu to thirty days of incarceration to be served consecutively to any other sentence. The Circuit Court also imposed a one-year driver's license suspension and required that the license plates for the car at issue be surrendered. The Judgment in Criminal No. 08-1-209 was filed on November 26, 2008, nunc pro tunc to November 25, 2008.

(3) In Appeal No. 29559 (Criminal No. 08-1-272), Nakatsu was convicted of driving without a license (Count 1) and driving without a motor vehicle insurance policy (Count 2). The Circuit Court sentenced Nakatsu to nine months of imprisonment on Count 1 and thirty days of imprisonment on Count 2, to be served concurrently with each other and consecutively to any other sentence currently being served. The Judgment in Criminal No. 08-1-272 was filed on December 17, 2008, nunc pro tunc to December 15, 2008.[1]

The charges in these three cases alleged offenses committed on October 9, 2007 (Criminal No. 08-1-209), October 29,

_____

[1] The Honorable Greg K. Nakamura presided over the proceedings relevant to Appeal Nos. 29542 and 29559. The Honorable Glenn S. Hara presided over the proceedings relevant to Appeal No. 29543.

2007 (Criminal No. 08-1-272), and February 1, 2008 (Criminal No. 08-1-273). There was undisputed evidence that Nakatsu had two prior convictions for driving without a license and two prior convictions for driving without a motor vehicle insurance policy, for offenses committed on February 28, 2006, and September 1, 2006.

I.

Nakatsu appeals from the Judgments entered in the three criminal cases. On appeal, Nakatsu raises challenges to his convictions that are based on his claim that because he is a citizen of the Kingdom of Hawai'i, he was not subject to prosecution by the State of Hawai'i. Nakatsu argues: (1) in all three appeals, that (a) the Circuit Court erred in not allowing him to defend himself based on the illegitimacy of the State of Hawai'i; and (b) his appointed counsel provided ineffective assistance because counsel did not agree with Nakatsu's "Hawaiian Sovereignty" defenses and was being paid by the State of Hawai'i; (2) in Appeal No. 29542, that the Circuit Court was biased because it restricted Nakatsu's ability to present his defense related to the Kingdom of Hawai'i; (3) in Appeal No. 29543, that the Circuit Court erred in not finding that Nakatsu was entitled to a defense based on his reasonable belief that he was in the Kingdom of Hawai'i and not the State of Hawai'i and therefore not subject to the laws of the State of Hawai'i when he was cited; and (4) in Appeal No. 29559, that the Circuit Court erred in not dismissing the case based on Nakatsu's claim that he was in the Kingdom of Hawai'i and not in the State of Hawai'i at the time of the alleged offense. In addition, Nakatsu argues: (1) in Appeal No. 29559, that the Circuit Court erred by providing the jury with instructions that defined the terms "road machine" and "implement of husbandry"; and (2) in Appeal Nos. 29542 and 29559, that the Circuit Court erred by failing to instruct the jury in accordance with Nakatsu's interpretation of the requirements for

3

the enhanced repeat-offender penalties under HRS § 431:10C-117(a)(5) (Supp. 2011).[2]/

As discussed below, we conclude that the arguments Nakatsu raises on appeal lack merit, and we affirm the Judgments of the Circuit Court.

II.

We resolve the issues raised by Nakatsu on appeal as follows:

A.

We reject Nakatsu's arguments that are based on his claims that he was not subject to prosecution by the State of Hawai'i, or had valid defenses to the charges, because he is a citizen of the Kingdom of Hawai'i or because the State of Hawai'i is illegitimate. See State v. Fergerstrom, 106 Hawai'i 43, 55, 101 P.3d 652, 664 (App. 2004) ("[T]he State of Hawai'i has lawful jurisdiction over all persons operating motor vehicles on public roads or highways within the State of Hawai'i. Persons claiming to be citizens of the Kingdom of Hawai'i and not of the State of Hawai'i are not exempt from the laws of the State of Hawai'i applicable to all persons (citizens and non-citizens) operating motor vehicles on public roads and highways within the State of Hawai'i."), aff'd, 106 Hawai'i 41, 101 P.3d 225 (2004).

Nakatsu's contention that the Circuit Court was biased because it restricted Nakatsu's ability to present his defense related to the Kingdom of Hawai'i is without merit. The restrictions imposed by the Circuit Court were proper. Moreover, parties may not predicate their claims of bias on adverse rulings by a court. State v. Ross, 89 Hawai'i 371, 378, 974 P.2d 11, 18 (1998).

We reject Nakatsu's argument that his appointed counsel provided ineffective assistance because counsel did not agree with Nakatsu's "Hawaiian Sovereignty" defenses and was being paid

---

[2]/ We assume, without deciding, that the requirements for the repeat-offender penalties under HRS § 431:10C-117(a)(5) constitute an element of the charged offense in resolving this appeal.

4

by the State of Hawai'i.[3/]  Nakatsu does not cite any authority for his contention that these circumstances demonstrate that his counsel provided ineffective assistance.  Nakatsu also fails to show that there were specific errors or omissions reflecting lack of skill, judgment, or diligence on the part of his appointed counsel or that counsel's actions resulted in the withdrawal or substantial impairment of a potentially meritorious defense.  See State v. Richie, 88 Hawai'i 19, 39, 960 P.2d 1227, 1247 (1998).  We conclude that Nakatsu's claim of ineffective assistance of counsel is without merit.

B.

HRS § 286-105(2) (2007) exempts from driver's licencing requirements "[a]ny person while driving or operating any road machine . . . or implement of husbandry temporarily operated or moved on a highway[.]  With respect to Criminal No. 08-1-272, it is undisputed that Nakatsu was driving a 1990 Mazda Miata convertible on a public road or highway when he was cited for driving without a license.  Nakatsu claimed that because he was using the Mazda Miata to obtain water and feed for the animals on his farm, he was driving a "road machine" or "implement of husbandry" and was exempt from driver's licencing requirements under HRS § 286-105(2).

The terms "road machine" and "implement of husbandry" are not specifically defined in HRS Chapter 286.  On appeal, Nakatsu contends that the Circuit Court erred by instructing the jury on the definition of these terms because there is no definition in the statutes.  Nakatsu does not challenge the substance of the Circuit Court's definitions but contends that the Circuit Court's action in defining terms that were not statutorily defined was improper.  Nakatsu cites no authority to support his claim, and we reject it as being without merit.  The

_____

[3/] The record reflects that appointed counsel asserted defenses on Nakatsu's behalf related to the Kingdom of Hawai'i.

Circuit Court clearly has the authority to instruct the jury on the meaning of terms that are not defined by statute.

C.

HRS § 431:10C-117(a)(5) provides:

<u>In the case of multiple convictions for driving without a valid motor vehicle insurance policy within a five-year period from any prior offense</u>, the court, in addition to any other penalty, shall impose the following penalties:

(A)   Imprisonment of not more than thirty days;

(B)   Suspension or revocation of the motor vehicle registration plates of the vehicle involved;

(C)   Impoundment, or impoundment and sale, of the motor vehicle for the costs of storage and other charges incident to seizure of the vehicle, or any other cost involved pursuant to section 431:10C-301; or

(D)   Any combination of those penalties[.]

(Emphasis added.)

Nakatsu argues that the Circuit Court erred in instructing the jury because he contends that HRS § 431:10C-117(a)(5) should be construed to require proof of "two offenses or more within five years before the prior offense . . . ." We conclude that Nakatsu's argument is without merit.

We construe HRS § 431:10C-117(a)(5) as requiring only one conviction prior to the charged offense. Prior to being amended in 1996, HRS § 431:10C-117(a)(5)[4] provided:

<u>In the case of multiple violations</u>, the court, in addition to any other penalty, shall impose the following penalties:

(A)   Imprisonment of not more than thirty days;

(B)   Suspension or revocation of the motor vehicle registration plates of the vehicle involved;

(C)   Impoundment, or impoundment and sale, of the motor vehicle for the costs of storage and other charges incident to seizure of the vehicle, or any other cost involved pursuant to section 431:10C-301; or

_____

[4] Prior to being amended in 1996, the predecessor to HRS § 431:10C-117(a)(5) was set forth in HRS § 431:10C-117(a)(4). <u>See</u> HRS § 431:10C-117 (1993). The 1996 amendments renumbered subsection (a)(4) as subsection (a)(5). For simplicity, we will use HRS § 431:10C-117(a)(5) when referring to the subsection (a)(4) predecessor to HRS § 431:10C-117(a)(5).

>            (D)    Any combination of those penalties.

(Emphasis added).   In 1996, this provision was amended by
replacing "multiple violations" with "multiple convictions," and
imposing a five-year time limit for a qualifying prior
conviction.   See 1996 Haw. Sess. Laws Act 20, § 1 at 32.   The
1996 amendments changed HRS § 431:10C-117(a)(5) as follows, with
deleted material in brackets and new material underscored:

> In the case of multiple [violations] convictions for driving
> without a valid no-fault policy within a five-year period
> from any prior conviction, the court, in addition to any
> other penalty, shall impose the following penalties:
>
> (A)    Imprisonment of not more than thirty days;
>
> (B)    Suspension or revocation of the motor vehicle
>        registration plates of the vehicle involved;
>
> (C)    Impoundment, or impoundment and sale, of the motor
>        vehicle for the costs of storage and other charges
>        incident to seizure of the vehicle, or any other cost
>        involved pursuant to section 431:10C-301; or
>
> (D)    Any combination of those penalties.

Id.

        Prior to the 1996 amendments, HRS § 431:10C-117(a)(5)
clearly only required one prior conviction as a condition for
imposing the enhanced penalties for the charged offense.
Although the 1996 amendments imposed a five-year limitation on
the prior conviction, there is nothing in the legislative history
to suggest that the Legislature intended to require more than one
prior conviction in order to impose the enhanced penalties.[5/]

        In view of this legislative history, and our
examination of the statutory language, we construe the phrase "in
the case of multiple convictions" set forth in HRS § 431:10C-

---

[5/] The committee reports accompanying the 1996 amendments reveal that
the primary purpose of the legislation was to change a different subsection
(subsection (a)(3)) to exempt first-time offenders within a five-year period
of driving without a valid no-fault policy from the requirement of maintaining
proof of financial responsibility.   H. Stand. Comm. Rep. No. 791-96, 1996
House Journal at 1338-39; S. Stand. Comm. Rep. No. 2302, 1996 Senate Journal
at 1095; S. Stand. Comm. Rep. No. 2600, 1996 Senate Journal at 1213.   The only
apparent reference in the committee reports to the amendment to subsection
(a)(5) was the statement that the legislation "[l]imits penalties for multiple
convictions to a five-year period from any prior conviction." S. Stand. Comm.
Rep. No. 2302, 1996 Senate Journal at 1095.

117(a)(5) to mean that the currently charged offense is to be counted as one of the convictions in determining whether the case is a case of "multiple convictions." This interpretation is not only supported by the statute's legislative history, but by the understanding that the enhanced penalties do not come into play until the defendant is convicted of the charged offense. In addition, if the charged offense were not included as one of the multiple convictions, the five-year period would not be tied to the charged offense. This would mean, for example, that a defendant who twenty years ago committed and was convicted of two offenses for driving without a motor vehicle insurance policy within a five-year period would be subject to the enhanced penalties under HRS § 431:10C-117(a)(5) on the currently charged offense. There is no basis for believing that this was the Legislature's intent. We therefore construe HRS § 431:10C-117(a)(5) as requiring only one conviction prior to the charged offense.

We also disagree with Nakatsu's contention that the relevant period is the five-year period <u>before</u> the prior offense. Nakatsu's contention is inconsistent with the language of HRS § 431:10C-117(a)(5) which uses the term "within" rather than "before." The obvious purpose of imposing the five-year limitation was to allow a person to avoid the enhanced penalties, to wipe the slate clean, by refraining from committing and being convicted of another offense for the requisite time period. Nakatsu's interpretation would defeat this purpose by severing the proximity link between the prior offense and the charged offense. Accordingly, we reject Nakatsu's claim that under HRS § 431:10C-117(a)(5), the relevant period is the five-year period <u>before</u> the prior offense.

8

III.

For the foregoing reasons, we affirm the Circuit Court's Judgments in Criminal No. 08-1-209, Criminal No. 08-1-272, and Criminal No. 08-1-273.

DATED: Honolulu, Hawai'i, March 20, 2012.

On the briefs:

Vaughan S. Winborne, Jr.
for Defendant-Appellant

Anson Lee
Deputy Prosecuting Attorney
County of Hawai'i
for Plaintiff-Appellee

Craig H. Nakamura
Chief Judge

Associate Judge

Associate Judge